UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CHLOE CRESPI and BETTY KAY KENDRICK,

                                Plaintiffs,

              -against-

BCBG MAX AZRIA GROUP, LLC,

                            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Supreme Court, New York County
Index No. 152523/2015

Docket No.: *15-cv-02897(LLS)*

**NOTICE OF REMOVAL**

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF NEW YORK:

        Pursuant to 28 U.S.C. §§1441, 1446 and 1454, defendant BCBG Max Azria Group, LLC

("BCBG" or "Defendant"), by its attorneys, Kane Kessler, P.C., hereby files its notice of removal

of the above-captioned action to this Court from the Supreme Court of the State of New York,

County of New York, and states as follows:

        1.      On or about March 13, 2015, Plaintiffs filed the above-captioned matter in the

Supreme Court of the State of New York, County of New York, under index no. 152523/2015

(the "Civil Action").  A copy of the summons and complaint is annexed hereto as Exhibit A.

        2.      This is a Civil Action for which the District Court of the United States has

original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338 in that several of the claims

against the Defendant arise under the laws of the United States.

        3.      Specifically, the complaint asserts, inter alia, claims for trademark dilution

pursuant to 15 U.S.C. §§1125(c) and 1127, trademark infringement pursuant to 15 U.S.C. §

#241402.1

1114(1) and copyright infringement pursuant to 17 U.S.C. § 501 et seq. ("Copyright Infringement").

4.     This Court has exclusive jurisdiction over the Copyright Infringement Claim.

5.     Thirty days have not yet elapsed since Defendant received a copy of the aforesaid summons and complaint and removal is, therefore, timely pursuant to 28 U.S.C. §1446(b).

6.     Promptly after filing this notice of removal, Defendant shall give written notice thereof to Plaintiff and shall file a true and correct copy of this notice of removal with the clerk of the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. §1446(d).

**WHEREFORE**, Defendant respectfully requests that this action be removed to this Court from the Supreme Court of the State of New York and henceforth that this action be placed on this Court's docket for all further proceedings, the same as though this action had originally been instituted in this Court.

Dated: New York, New York
       April 13, 2015

Yours, etc.

**KANE KESSLER, P.C.**

By:_____
       S. Reid Kahn
       Jonathan Sabin
1350 Avenue of the Americas
New York, New York 10019
*Attorneys for Defendant*

TO:   **CRAIG FLEISHMAN, ESQ.**
      *Attorney for Plaintiffs*
      1 Main Street - #7A
      Brooklyn, New York 11102
      (917) 549-5566

# **EXHIBIT A**

FILED: NEW YORK COUNTY CLERK 03/13/2015 08:26 PM
NYSCEF DOC. NO. 1

INDEX NO. 152523/2015
RECEIVED NYSCEF: 03/13/2015

SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF NEW YORK

------------------------------------------------x
                                                 :
CHLOE CRESPI; BETTY KAY KENDRICK :
                                                 :
      Plaintiffs                                 :
                                                 :
      - v -                                      :
                                                 :
BCBG MAX AZRIA GROUP, LLC                        :
                                                 :
      Defendant                                  :
                                                 :
------------------------------------------------x

COMPLAINT FOR TRADEMARK
DILUTION AND INFRINGEMENT,
COPYRIGHT INFRINGEMENT,
VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, VIOLATION OF NEW
YORK GENERAL BUSINESS LAW §§ 349
AND 350, AND UNFAIR COMPETITION
UNDER NEW YORK COMMON LAW

**DEMAND FOR JURY TRIAL**

To the person named as Defendant above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action
by serving a notice of appearance on the Plaintiff(s) at the address set forth below
within 20 days after the service of this Summons (not counting the day of service
itself), or within 30 days after service is complete if the summons is not delivered
personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgment
will be entered against you by default for the relief demanded below.

Dated: March 13, 2015

Plaintiffs Address:
c/o Craig Fleishman, Esq., 1 Main Street #7A,  Brooklyn, NY, 11201 (917) 549-5566

Defendants Address:
BCBG Max Azria Co., 2761 Fruitland Ave, Los Angeles, CA 90058-3607

Venue: Plaintiff designates New York County as the place of trial, with jurisdiction
pursuant to CPLR §§ 302.

Dated March 13, 2015                    By:    _____
                                               Craig Fleishman, Esq.
                                               1 Main Street, #7A
                                               Brooklyn, New York 11201
                                               COUNSEL FOR PLAINTIFFS

SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF NEW YORK

```
-----------------------------------------x
                                         :   COMPLAINT FOR TRADEMARK
                                         :   DILUTION AND INFRINGEMENT,
CHLOE CRESPI; BETTY KAY KENDRICK         :   COPYRIGHT INFRINGEMENT,
                                         :   VIOLATION OF SECTION 43(a) OF THE
       Plaintiffs                        :   LANHAM ACT, VIOLATION OF NEW
                                         :   YORK GENERAL BUSINESS LAW §§ 349
       - v -                             :   AND 350, AND UNFAIR COMPETITION
                                         :   UNDER NEW YORK COMMON LAW
BCBG MAX AZRIA GROUP, LLC                :
                                         :   DEMAND FOR JURY TRIAL
       Defendant                         :
                                         :
-----------------------------------------x
```

TO THE SUPREME COURT OF THE STATE OF NEW YORK

Plaintiff CHLOE CRESPI and BETTY KAY KENDRICK (together, the "Plaintiffs"), as

and for their complaint against Defendants BCBG MAX AZRIA GROUP, LLC ("BCBG"

and the "Defendant"), allege upon information and belief, as follows:

## BACKGROUND

1. This is an action by Plaintiffs against Defendant for damages, injunctive relief,
   and attorneys' fees for Defendant's willful misappropriation of and damage
   to Plaintiffs' common law and registered trademark *In Pursuit of Magic*.

2. Plaintiffs are internationally known street artists globally reknowned for
   their *In Pursuit of Magic* mark. Defendants are highly sophisticated
   distributors of fashion apparel and accessories well versed in the nuances of
   protecting intellectual property rights and the need to obtain the approval
   and authorization of third parties when exploiting those third parties'

intellectual property for commercial advantage. Defendant is improperly seeking to benefit from Plaintiffs' substantial investment in the *In Pursuit of Magic* mark by selling jewelry incorporating Plaintiffs' registered mark, without Plaintiffs' permission. Defendant seeks to trade off of the prestigious reputation the *In Pursuit of Magic* mark has developed among the public. To make matters worse, instead of seeking Plaintiffs' approval, or subsequently acknowledging their patently obvious misappropriation of Plaintiffs' intellectual property, Defendants have made multiple efforts to threaten, harass, and intimidate Ms. Crespi and Ms. Kendrick into silence. As a result of Defendant's actions, the *In Pursuit of Magic* mark is being diluted, the value of their trademark is being diminished, and consumers are being misled and confused. This action seeks injunctive relief and damages for the harm Defendant has caused.

3. Plaintiffs are each individuals resident in the State of New York.

4. Upon information and belief, Defendant BCBG is a limited liability company organized and existing under the laws of the State of Delaware, with retail, design and administrative facilities located in New York. Plaintiffs are informed and believe that BCBG manufactures and sells to the general public, including to consumers who reside in the State of New York.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

5. Plaintiffs are among the better known street artists in New York. Plaintiff's efforts have generated substantial attention in social media, with tens of

3

millions of social media impressions in recent years. Plaintiffs enjoy growing widespread awareness of the *In Pursuit of Magic* mark (and its products) among consumers worldwide.

6. The key to Plaintiff's success is the careful strategy through which they have introduced and expanded the *In Pursuit of Magic* brand, beginning with a carefully-orchestrated street art campaign and extending to the sale of a small section of high-quality products available for sale with a small number of internationally-renowned partners.

7. Plaintiffs have spent substantial time, effort and money studying the successful evolution of street art brands, and advertising and promoting their *In Pursuit of Magic* mark throughout the United States and elsewhere.

8. As a result of Plaintiff's efforts, the *In Pursuit of Magic* mark has become a highly distinctive trademark.

## BCBG's Misappropriation and Misuse of the In Pursuit of Magic Mark

9. Defendant BCBG has sought blatantly and improperly to capitalize on Plaintiff's investment in the creation and positive reputation of the *In Pursuit of Magic* mark, and the resulting popularity that such mark has attained. Specifically, BCBG manufactures and sells an item of low-quality jewelry with the "In Pursuit of Magic" logo in an identical font and substantially identical design to Plaintiffs *In Pursuit of Magic* jewelry. BCBG's infringing products are so similar that consumers will immediately think of Plaintiff's mark.

4

10. After learning of BCBG's use of the *In Pursuit of Magic* mark, counsel for Plaintiffs contacted BCBG to request that it cease and desist from all further use of the *In Pursuit of Magic* mark. BCBG responded to this request with multiple intemperate efforts to threaten, harass, and intimidate Plaintiffs.

11. Plaintiffs are informed and believe that BCBG is continuing to sell products with the *In Pursuit of Magic* mark, including to consumers located in the State of New York and the Southern District of New York, including by means of orders taken via its website.

12. Plaintiffs are informed and believe and thereupon allege that BCBG chose to use the *In Pursuit of Magic* mark with the intent and purpose of trading off of the goodwill that the *In Pursuit of Magic* mark currently enjoys and/or misleading and confusing consumers. As a result, Plaintiffs' mark is being tarnished and the value and distinctiveness of Plaintiffs' *In Pursuit of Magic* mark is being diminished. Plaintiffs are informed and believe and thereupon allege that, absent the intervention of this Court, defendant's illegal actions will continue, and Plaintiffs and consumers will continue to be harmed.

**Count I (for Trademark Dilution, 15 U.S.C. §§ 1125(c) and 1127)**

13. Plaintiffs specifically reallege and incorporate herein by reference each and every allegation set forth above.

14. Plaintiffs have used and continue to use the *In Pursuit of Magic* Mark in interstate commerce, and such mark is supported by <u>millions</u> of social media impressions.

15. Defendant has made and threatens to continue to make commercial use in commerce of the *In Pursuit of Magic Mark* in a manner that causes dilution of the distinctive quality of such mark, and lessens the capacity of such mark to identify and distinguish Plaintiffs' goods and services.

16. Plaintiffs are entitled to an order from this Court preliminarily and permanently enjoining Defendant, its agents, employees and others acting in concert with them, from directly or indirectly making any further commercial use of the *In Pursuit of Magic* mark or any other names, marks or logos that are substantially similar to the *In Pursuit of Magic* mark.

17. Because Defendant has willfully intended to cause dilution of the *In Pursuit of Magic* mark, Plaintiffs are further entitled, pursuant to 15 U.S.C. §§ 1117 and 1125(c)(2), to recover all damages sustained as a result of defendant's unlawful conduct, including: (i) Defendant's profits; (ii) Plaintiffs' damages; (iii) Plaintiffs' costs of suit; and (iv) Plaintiffs' reasonable attorneys' fees.

### Count II (for Trademark Infringement, 15 U.S.C. § 1114(1))

18. Plaintiffs specifically reallege and incorporate by reference each and every allegation set forth above.

19. The United States Patent and Trademark Office has granted federal trademark registration to the *In Pursuit of Magic* mark. Plaintiffs own the exclusive trademark rights and privileges in and to the *In Pursuit of Magic* mark in the United States.

20. Defendant is using a copy or colorable imitation of the *In Pursuit of Magic* mark in a manner that is likely to confuse, deceive and/or cause mistake

among consumers and therefore is infringing Plaintiffs' rights in the *In Pursuit of Magic* mark in violation of 15 U.S.C. § 1114(1).

21. Plaintiffs have no adequate remedy at law for defendant's infringement of the *In Pursuit of Magic* mark, in that: (i) the *In Pursuit of Magic* mark is unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to Plaintiffs resulting from the infringement are not precisely and fully ascertainable; (iii) the infringement injures and threatens to continue to injure Plaintiffs' reputation and goodwill; and (iv) the damage resulting to Plaintiffs from Defendant's wrongful conduct, and the conduct itself, are continuing, and Plaintiffs would be required to bring a multiplicity of suits to achieve full redress for the injuries caused thereby.

22. Unless restrained, Defendant's infringement of the *In Pursuit of Magic* mark will continue to cause irreparable injury to Plaintiffs, both during the pendency of this action and thereafter. Plaintiffs are therefore entitled to an order from this Court preliminarily and permanently enjoining Defendant and its agents, employees and others acting in concert with them, from directly or indirectly infringing the *In Pursuit of Magic* mark in any manner, including by using any name, mark, design or logo that is confusingly similar to the *In Pursuit of Magic* mark in connection with the sale, offer for sale, advertising, or promotion of any goods or services.

23. Plaintiffs are further entitled to recover damages sustained in consequence of defendant's wrongful conduct, in an amount to be determined; to recover

Defendant's profits; and to recover Plaintiffs' attorneys' fees and other costs herein. Based upon the circumstances of the case, including the willful nature of defendant's conduct. Plaintiffs are further entitled to recover treble the amount found as actual damages pursuant to 15 U.S.C. § 1117.

### Count III (for violation of 15 U.S.C. § 1125(a))

24. Plaintiffs specifically reallege and incorporate herein by reference each and every allegation set forth above.

25. The acts of Defendant alleged herein, including its use of the *In Pursuit of Magic* mark, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant or Defendant's product with Plaintiffs, or as to the sponsorship, or approval of Defendant's goods, services or commercial activities by Plaintiffs.

26. Plaintiffs have no adequate remedy at law for the foregoing wrongful conduct of Defendant, in that: (i) Defendant's actions damage and threaten to continue to damage Plaintiffs' unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to Plaintiffs from defendant's wrongful actions are not precisely and fully ascertainable; (iii) the wrongful acts of defendant injure and threaten to continue to injure Plaintiffs' reputation and goodwill; and (iv) the damage resulting to Plaintiffs from defendant's wrongful conduct, and the conduct itself, are continuing, and Plaintiffs would be required to bring a multiplicity of suits to achieve full compensation for the injuries caused thereby.

27. Unless restrained, the foregoing wrongful acts of Defendant will continue to cause irreparable injury to Plaintiffs, both during the pendency of this action and thereafter. Plaintiffs are therefore entitled to an order from this Court preliminarily and permanently enjoining defendant and its agents, employees and others acting in concert with them, from directly or indirectly: (i) manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product which tends to relate or connect such product in any way to Plaintiffs or to any goods or services offered, provided, sold, manufactured, sponsored or approved by, or connected with Plaintiffs; and (ii) using any mark that is confusingly similar to the *In Pursuit of Magic* mark.

28. Plaintiffs are further entitled to recover damages sustained in consequence of Defendant's wrongful conduct, in an amount to be determined, and to recover their attorneys' fees and costs herein.

### Count IV (For Trademark Dilution, New York General Business Law Section Section 360-1)

29. Plaintiffs specifically reallege and incorporate herein by reference each and every allegation contained in Paragraph 1 through 31 hereof.

30. By virtue of plaintiffs' continuous use of the *In Pursuit of Magic* mark, it has become and continues to be "truly distinctive" within the meaning of New York General Business Law Section 360-1.

31. Defendant has made and continues to make commercial use in commerce of the *In Pursuit of Magic* mark in a manner that causes dilution of the

9

distinctive quality of such mark, and lessens the capacity of such mark to identify and distinguish plaintiffs' goods and services.

32. Plaintiffs are entitled to an order from this Court preliminarily and permanently enjoining Defendant, its agents, employees and others acting in concert with them, from directly or indirectly making any further commercial use of the *In Pursuit of Magic* mark, or any other names, marks or logos that are substantially similar thereto.

**Count V Violation of New York General Business Law §§ 349 and 350**

33. Plaintiffs specifically reallege and incorporate herein by reference each and every allegation set forth above.

34. This Count sets forth a claim for deceptive acts and business practices and false advertising in violation of New York General Business Law §§ 349 and 350.

35. Defendant's commercial use of the *In Pursuit of Magic* mark represents a deliberate attempt to mislead consumers because Defendant is causing a likelihood of confusion or of misunderstanding as to Defendant's goods and services, and those of third parties, having a source in or the sponsorship, approval or certification of Plaintiffs, or as being affiliated, connected or associated with Plaintiffs, and are otherwise engaging in conduct which creates a likelihood of confusion between Plaintiffs' and Defendant's products and services, creating misunderstandings of the source of Defendant's products and services as being Plaintiffs' products and services.

36. By engaging in such false and misleading advertising, Defendant has engaged in deceptive acts and business practices in violation of New York General Business Law § 349, and false advertising in violation of New York General Business Law § 350.

37. By reason of Defendant's above-described unlawful activities. Plaintiffs have sustained injury, damage and loss and defendant has been unjustly enriched. Plaintiffs have already suffered irreparable harm, and will continue to be irreparably damaged unless this Court enjoins Defendant from continuing its unlawful acts. Plaintiffs have no adequate remedy at law.

## Count VI - Unfair Competition Under New York Common Law

38. Plaintiffs specifically reallege and incorporate herein by reference each and every allegation set forth above.

39. Plaintiffs have widely used the *In Pursuit of Magic* mark to identify their goods and services. By virtue of such advertising and use, the *In Pursuit of Magic* mark has come to identify Plaintiffs as the source of goods and services marketed under the *In Pursuit of Magic* mark and such mark has come to represent valuable goodwill which is owned by Plaintiffs.

40. Defendant's deliberate imitation and copying of the *In Pursuit of Magic* mark is without the permission of Plaintiffs, and Defendant's use of the *In Pursuit of Magic* mark constitutes common law trademark infringement and unfair competition and is unlawful.

41. By reason of Defendant's above-described unlawful activities. Plaintiffs have sustained injury, damage and loss and Defendant has been unjustly enriched. Plaintiffs have already suffered irreparable harm, and will continue to be irreparably damaged unless this Court enjoins Defendant from continuing its unlawful acts. Plaintiffs have no adequate remedy at law.

### Count VII – Copyright Infringement

42. Plaintiffs specifically reallege and incorporate herein by reference each and every allegation set forth above.

43. Defendants, with knowledge of Plaintiffs' intellectual property and existing *In Pursuit of Magic* jewelry line, have repeatedly sold a substantially identical and wholly unauthorized copy of Plaintiffs' protected *In Pursuit of Magic* necklace at a substantially lower price point. Defendants have infringed and, unless enjoined by this Court, will continue to infringe Plaintiffs' valuable and proprietary intellectual property.

44. Plaintiffs are entitled to all appropriate injunctive relief, including but not limited to the relief available under 17 U.S.C. 502-503.

45. Plaintiffs are further entitled to recover from Defendant the damages, including attorneys' fees, they have sustained and will sustain, and any gain, profits and advantages obtained by Defendant as a result of Defendant's willful acts of infringement alleged in this Complaint, including but not limited to such damages and awards as are available under 17 U.S.C. 504-505.

### COUNT VIII – UNJUST ENRICHMENT

46. Plaintiffs specifically reallege and incorporate herein by reference each and every allegation set forth above.

47. As a consequence of Defendant's actions, Plaintiffs have been denied any financial compensation and credit in connection with the theft of their intellectual property by Defendants. Defendants have been enriched by their theft of Plaintiffs' design for their *In Pursuit of Magic* jewelry. The circumstances are such that equity and good conscience require the Defendants to make restitution in an amount to be proven at trial.

### JURY DEMAND

Plaintiffs Chloe Crespi and Betty Kay Kendrick hereby demand trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. On each and every Claim for Relief alleged herein, for damages according to proof;

2. On each and every Claim for Relief alleged herein, for preliminary and permanent injunctive relief as hereinabove described;

3. On each and every Claim for Relief alleged herein, for attorneys' fees and enhanced damages as provided by law;

13

4. For their costs of suit herein, including their reasonable attorneys' fees; and

5. For such other, further or different relief as this Court may deem just and proper.

DATED: New York, New York

Dated March 13, 2015         By: _____

Craig Fleishman, Esq.
1 Main Street, #7A
Brooklyn, New York 11201

COUNSEL FOR PLAINTIFFS

14